**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| JOANN GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| | ) JURY TRIAL |
| VOLUNTEER HOME CARE, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, JOANN GORDON, by and through her attorneys, alleges for her Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against VOLUNTEER HOME CARE, INC., for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

**II. THE PARTIES**

**A. THE PLAINTIFF**

2. Plaintiff currently resides in Jackson, Tennessee and is a citizen of the United States.

3. Plaintiff was hired by Defendant on or about October 21, 2002.

4. Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A), because she worked more than a year and greater than 1,250 hours in that year.

### B. THE DEFENDANT

5. Defendant, Volunteer Home Care, Inc. is located within the Western District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A). It employed Plaintiff at its Jackson, Tennessee location.

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

### IV. FACTS

10. Defendant employed Plaintiff as a Certified Nursing Assistant.

11. Plaintiff had a good working history with Defendant, nearly 12 years, and favorable employment evaluations.

12. In January and February of 2011, and as a reminder in March, Plaintiff gave notice of a need for medical leave which qualified under the FMLA. Plaintiff gave this notice to the right person—her supervisor and branch manager—and Plaintiff received approval to be out.

13. The medical leave was for a "serious health condition," which was kidney surgery.

14. Plaintiff advised of the scheduled surgery date of March 14, 2011.

15. On or about February 25, 2011, *after* Plaintiff had reminded Defendant of her surgery date and the need for coverage, Defendant called Plaintiff to a meeting.

16.     At this meeting, Defendant, through the supervisor and branch manager, accused Plaintiff of "falsifying two CNA notes" and stating that CNA visits were never, in fact, performed.

17.     This stated reason is false.  Additionally, CNAs do far worse without termination as the penalty than that which Plaintiff was (falsely) accused.  The true, substantial, motivating, and/or mixed motivating factor for Plaintiff's termination was her upcoming use of FMLA qualifying leave which Defendant did not want to cover (and reinstate Plaintiff upon her return).  It was easier just to terminate Plaintiff than to worry with the uncertainty about Plaintiff's return to work date.  The termination in violation of the FMLA was "willful."

## V. COUNT ONE

18.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, to wit, the taking of FMLA leave and the restoration of her job upon the conclusion of the leave.

## VI. COUNT TWO

19.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA, to wit, an adverse action taken (termination) because Plaintiff had requested to exercise FMLA qualifying rights.

## VII. PRAYER FOR RELIEF

20.     WHEREFORE, the Plaintiff prays for the following relief:

    A.      That proper process issue along with a copy of this complaint requiring the

Defendants to appear and answer;

  B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

  C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

  D. Reasonable attorneys' fees;

  E. The costs and expenses of this action;

  F. Such other legal and equitable relief to which Plaintiff may be entitled; and

  G. Plaintiff further demands a Jury to try this cause.

         Respectfully submitted,

         GILBERT RUSSELL McWHERTER, PLC

         s/Justin S. Gilbert
         Justin S. Gilbert (TN Bar No. 017079)
         Jonathan L. Bobbitt (TN Bar No. 23515)
         Jessica F. Salonus (TN Bar No. 28158)
         101 North Highland Ave
         Jackson, TN 38301
         Telephone: 731-664-1340
         Facsimile: 731-664-1540
         jgilbert@gilbertfirm.com
         jbobbitt@gilbertfirm.com
         jsalonus@gilbertfirm.com

         ATTORNEYS FOR PLAINTIFF